IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK RICCI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 15-1281 |
| ROCKWATER NORTHEAST LLC, t/d/b/a | ) Judge Nora Barry Fischer |
| ROCKWATER ENERGY SOLUTIONS, and | ) |
| VANTAGE ENERGY APPALACHIA, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a personal injury action brought by Plaintiff Frank Ricci ("Ricci") against Defendants Rockwater Northeast LLC ("Rockwater") and Vantage Energy Appalachia, LLC ("Vantage") arising from a workplace injury Ricci sustained in December of 2014 while working for non-party Aerotek[1] at a gas well site operated by Vantage in Greene County, Pennsylvania. (Docket No. 1-1). This case was initiated in the Court of Common Pleas of Allegheny County and was later removed here by Vantage on September 30, 2015, with consent of Rockwater. (Docket No. 1). Presently before the Court are Ricci's Motion to Remand, (Docket No. 3), his Memorandum in Support, (Docket No. 5), and Responses in Opposition separately filed by Vantage and Rockwater, (Docket Nos. 13, 14). The Court has also received documentary evidence from the parties which are attached to the Notice of Removal and their briefs. (Docket Nos. 1, 3, 5, 13, 14). After careful consideration of all of these submissions, and for the following reasons, Plaintiff's Motion [3] is granted.

As noted, Vantage removed Ricci's Complaint to this Court on September 30, 2015. (Docket

---

[1] The parties' filings indicate that Ricci has filed a worker's compensation claim against Aerotek and that matter

1

No. 1). Ricci maintains that this matter should be remanded to the Court of Common Pleas because the removal was not made within 30 days as required under 28 U.S.C. § 1446(b)(1). (Docket Nos. 3, 5). In support of this position, Ricci argues in the alternative that service was properly made on Vantage in July of 2015 via its acceptance of a certified mailing of the Complaint and Summons and/or that Vantage's former counsel, Susan Roberts, Esquire and Thomas Steele, Esquire, of Peacock Keller & Ecker, LLP, waived any alleged defects in service through their actions taken up to and including August 28, 2015. (*Id.*). On that date, former counsel for Vantage entered appearances in the Court of Common Pleas, and represented Vantage at a hearing on disputed discovery motions before the Hon. Stanton Wettick. (*Id.*). At that time, Judge Wettick heard oral argument and entered rulings on same after the hearing. (*Id.*).

Vantage counters that the July 2015 attempted service was ineffective because Ricci improperly mailed the pleadings to its parent company in Colorado and service was not waived by an authorized agent of the company. (Docket No. 13). Vantage admits that it received the Complaint from this entity, and engaged its former counsel who then in response to the Complaint entered appearances and participated in the motion hearing on August 28, 2015. (*Id.*). However, Vantage believes that the actions taken by its former counsel on that date are "irrelevant" to the removal inquiry. (*Id.*). Instead, Vantage claims that the operative date for removal purposes was August 31, 2015, the date upon which its former counsel signed a formal acceptance of service form provided by Ricci's counsel and returned it to him. (*Id.*). Rockwater also contests the motion to remand, raising essentially the same arguments. (*Id.*).

As the removing party, Vantage has "the burden to establish the propriety of removal and all

---

appears to be pending.

doubts must be resolved in favor of remand." *LaCaffinie v. The Standard Fire Ins. Co.*, Civ. A. No. 10-207, 2010 U.S. Dist. LEXIS 53151 at *2 (W.D. Pa. May 28, 2010) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *see also Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). A notice of removal must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). Our Court of Appeals has recognized that "the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service." *Di Loreto v. Costigan*, 351 F. App'x 747, 751 (3d Cir. 2009) (citing *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)).

At their core, the parties' disputes surround the date upon which the removal clock started running, providing three alternatives. (Docket Nos. 5, 13, 14). They agree that Vantage's former counsel's execution of the waiver of service form on August 31, 2015 suffices to trigger the 30-day removal clock and that removal was timely if that date is utilized. (*Id.*). However, they debate whether the initial service was effective in July and/or if the actions of Vantage's former counsel on August 28, 2015 sufficed to waive service, with the utilization of either of these earlier dates rendering the removal untimely. (*Id.*). The Court focuses its analysis on the actions of Vantage's former counsel in August because such facts are dispositive on the motion to remand.

"The question of whether service, or waiver thereof, occurred [is] a question of state law." *Cmiech v. Electrolux Home Products, Inc.*, 520 F. Supp. 2d 671, 674 (M.D. Pa. 2007). Pursuant to Pennsylvania law, "effective service of process may be obtained through waiver or consent." *Fleehr v. Mummert*, 857 A.2d 683, 685 (Pa. Super. Ct. 2004) (citation omitted). "One can waive service of

3

process by various means, and become a party to a suit by voluntary appearance." *Id.* (citing *Vandegrift v. Knights Road Industrial Park, Inc.*, 490 Pa. 430, 416 A.2d 1011, 1013 (Pa. 1980)). "A defendant manifests an intent to submit to the court's jurisdiction when the defendant takes 'some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service.'" *Id.* (quoting *Cathcart v. Keene Industrial Insulation*, 471 A.2d 493, 499 (Pa. Super. Ct. 1984)).

Having reviewed the relevant precedent governing the waiver of service by actions of authorized counsel, several principles emerge. Of course, counsel's execution of a waiver of service form on behalf of a client constitutes a valid waiver of service as of the date of the waiver. *See* PA. R. CIV. P. 402(b) ("In lieu of service under this rule, the defendant or his authorized agent may accept service of original process by filing a separate [acceptance of service] document"). An attorney's entry of an appearance on the court's docket, by itself, does not suffice to waive service. *See* PA. R. CIV. P. 1012(a) ("A party may enter a written appearance [with the court] … Such appearance shall not constitute a waiver of the right to raise any defense including questions of jurisdiction or venue."); *see Fleehr*, 857 A.2d at 685. Moreover, an attorney's efforts to negotiate a waiver of service (through email correspondence or otherwise) with opposing counsel is not enough to demonstrate that service was waived. *See e.g., Di Loreto*, 351 F. App'x at 752; *Cmiech*, 520 F. Supp. 2d at 674. However, service may be waived if the attorney moves beyond these types of nominal activities and appears in court to represent the client's interests on the merits of a case—without preserving any defenses based on the allegedly defective service. *See Cmiech*, 520 F. Supp. 2d at 675 (one factor courts finding service was waived by counsel was "common is interaction with the court; whether by filing complaints or making appearances, defendants in the above cases acted

4

in such a way as to submit themselves to the authority of the court.").

To this end, the Superior Court of Pennsylvania held in *Fleehr v. Mummert*, that counsel's actions on behalf of a client that had received a copy of the complaint but had not been properly served sufficed to waive service under a factual scenario akin to the instant case. *Id.* at 685. In *Fleehr*, counsel appeared before Judge Wettick at a motion hearing at the direction of the client which had received a copy of the complaint and provided it to counsel. *Id.* During the course of this appearance, counsel agreed to consolidate the case with a pending arbitration matter, which the Superior Court found indicated a clear manifestation of intent to submit to the court's jurisdiction and forego any objections to the defective service. *Id.* In so holding, the Superior Court noted that such actions taken by authorized counsel showed a recognition and acceptance of the complaint and demonstrated a waiver of any challenge to the defective service. *Id.*

The Court reaches the same result in this case after considering all of the facts and circumstances that occurred prior to the September 30, 2015 removal. In this regard, Vantage admits that it received the Complaint and Summons that was mailed to the Colorado address of the parent company of its sole member, Vantage Energy, Incorporated. (Docket No. 13). Vantage then retained counsel[2] from Peacock & Keller, provided the attorneys with the Complaint, and they obviously investigated the matter, obtaining information (from the court or opposing counsel) concerning the status of the case such that they were aware of discovery disputes between Ricci and Rockwater that were set for argument in state court. (*Id.*). On the date of the hearing, August 28, 2015, counsel

---

[2] The Court notes that Vantage does not claim that its former counsel acted without authorization. Even if it had, any such objection would be overruled. *See Lehman Bros. Holdings v. Gateway Funding Diversified Mortgage Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (parties cannot "avoid the consequences of the acts or omissions of [their] freely selected agent[s]. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by

5

entered appearances on behalf of Vantage and, like the attorney in *Fleehr*, participated in a motion hearing before Judge Wettick. (*Id.*). When doing so, Vantage's former counsel took no steps to preserve any defense to the alleged defective service in accordance with the state procedural Rules. *See Cinque v. Asare*, 585 A.2d 490, 492 (Pa. Super. Ct. 1990) ("Defects in service of process must be raised in preliminary objections."); *see also* PA. CIV. P. 1026 (opponent's response to complaint is due within 20 days). Rather, Vantage's counsel requested that Ricci's counsel forward a waiver of service form, which was provided and resulted in counsel's execution of same on the following Monday, August 31, 2015. (Docket Nos. 5, 13).

To conclude, the facts and circumstances demonstrate that Vantage's former counsel waived any alleged defects in service under Pennsylvania law as of August 28, 2015. It is clear to this Court that Vantage submitted itself to the jurisdiction of the Court of Common Pleas as its authorized counsel responded to the Complaint by directly participating in the litigation at the motion hearing and did so without preserving any defenses to the alleged defective service. *See Fleehr*, 857 A.2d at 685. Therefore, any Notice of Removal was required to be filed by Monday, September 28, 2015, making the Notice of Removal that was filed by Vantage's current counsel on September 30, 2015 untimely. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action."). As such, this matter must be remanded to the Court of Common Pleas.[3] *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

---

the acts of his lawyer-agent[.]")).
[3] Given this ruling, the Court need not decide the remaining issues presented by the parties surrounding the efficacy of the attempted service in July and/or whether the parties are completely diverse. (*See* Docket No. 5). Further,

remanded.").

Based on the foregoing, Plaintiff's Motion to Remand [3] is GRANTED. An appropriate Order follows.

                                         *s/ Nora Barry Fischer*
                                         Nora Barry Fischer
                                         United States District Judge

Date: October 28, 2015

cc/ecf: All counsel of record.

---

Rockwater's Motion to Dismiss (Docket No. 9) will be denied, without prejudice.